**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | 5:05-cr-97 (CAR) |
| | : | |
| RUFUS EDWARD HICKMAN, a/k/a | : | |
| RUFUS EDWARD HICKMAN, JR. | : | |
| | : | |
| Defendant. | : | |

**O R D E R**

Before the Court is Defendant Rufus Hickman's Motion for New Trial and Amended Motion for Judgment of Acquittal (doc. 66). The Court has given full consideration to Defendant's motions, the Government's response, and the law relevant to the issues presented. For the reasons stated below, Defendant's Motion for New Trial and Amended Motion for Judgment of Acquittal is **DENIED**.

**New Trial**

The Court's consideration of a motion for a new trial is governed by Rule 33 of the Federal Rules of Criminal Procedure. Under that Rule, the Court may grant a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33. Where the motion is filed within seven days after the jury verdict is returned, "a court has very broad discretion in deciding whether there has been a miscarriage of justice." *United States v. Schlei*, 122 F.3d 944, 990-91 (11th Cir. 1997).

The grant of a new trial is not appropriate in the case at bar. The parties participated in a pre-trial conference where the issues to be tried were narrowed; Defendant had a trial by jury, where he took the witness stand to address the allegations made against him; and a jury of his peers found that Defendant made false statements in connection with an application for Federal Workers'

Compensation Benefits. The Court is afforded much latitude when analyzing the merits of a motion for a new trial and is confident that no miscarriage of justice took place in Defendant's conviction.

**<u>Judgment of Acquittal</u>**

The Court's consideration of a motion for a judgment of acquittal is governed by Rule 29 of the Federal Rules of Criminal Procedure. Under that Rule, a judgment of acquittal must be entered if the evidence presented by the Government "is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). As the text of the Rule indicates, and as courts and other authorities have recognized, "[t]he sole ground for a post-trial motion under Rule 29(c) is that the evidence was insufficient to sustain a conviction." ***United States v. Miranda***, 425 F.3d 953, 962 (11th Cir. 2005) (quoting ***United States v. Fozo***, 904 F.2d 1166, 1171 (7th Cir. 1990)); *see also* Wright, 2A Fed. Prac. & Proc. Crim. 3d § 466 (2005) ("There is only one ground for a motion for a judgment of acquittal"–insufficiency of the evidence).

Consequently, the Court will only consider under Rule 29 an allegation that the Government failed to prove Defendant made false statements beyond a reasonable doubt. The legal arguments asserted by Defendant in his motion focus on an alleged improper line of questioning and a supposed inconsistent position taken by the Government. He does not assert that it was unreasonable for the trier of fact to find that the evidence established his guilt beyond a reasonable doubt. *See* ***United States v. Williams***, 390 F.3d 1319, 1323-24 (11th Cir. 2004); ***United States v. Young***, 906 F.2d 615, 618 (11th Cir. 1990). Neither can this Court make such an assertion of insufficiency with respect to the evidence. Accordingly, Defendant's Motion for New Trial and Amended Motion for Judgment of Acquittal is hereby **DENIED.**

SO ORDERED, this 22nd day of December, 2006.

                                        */s/ C. Ashley Royal*
                                        C. ASHLEY ROYAL, JUDGE
                                        UNITED STATES DISTRICT COURT

CAR/cbb